UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATASHA STILL,
    Plaintiff

CASE NO. 3:21-cv-00105-DJH

VS.

Judge David J. Hale

ABOUND FEDERAL CREDIT UNION
and TRANS UNION, LLC,
    Defendants

---

### ABOUND FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

---

Comes the Defendant, Abound Federal Credit Union ("Abound"), by counsel, and in response to the Plaintiff's Complaint, pleads as follows:

1. In response to Paragraph 1 of the Complaint, the Defendant, Abound denies that it violated the Fair Credit Reporting Act, the Kentucky Consumer Protection Act, or any other law relating to its financial transaction with the Plaintiff;

2. Paragraph 2 of the Plaintiff's Complaint calls for a legal conclusion and therefore, Abound denies same;

3. Abound has insufficient knowledge regarding the legal conclusions set forth in Paragraph 3 of the Plaintiff's Complaint and therefore denies same;

4. In response to Paragraph 4 of the Plaintiff's Complaint Abound acknowledges that it is a Federal Credit Union with a principal place of business at 3939 S. Dixie Blvd., Radcliff, Kentucky. As to the remainder of Paragraph 4, Abound states that the allegations set forth therein call for a legal conclusion and therefore denies same;

5. Abound has insufficient knowledge regarding the allegations set forth in Paragraph 5 of the Plaintiff's Complaint and therefore denies same;

6. In response to Paragraph 6 of the Plaintiff's Complaint, Abound states that it has insufficient knowledge regarding the allegations therein set forth and therefore respectfully denies same;

7. In response to Paragraph 7 of the Plaintiff's Complaint, Abound denies that it provided any wrong or inaccurate credit information pertaining to the Plaintiff

8. Abound admits that it provided credit information as alleged in Paragraph 8 of the Complaint;

9. Abound has insufficient knowledge regarding the allegations set forth in Paragraph 9 of the Complaint and therefore denies same;

10. Abound states that the allegations set forth in Paragraph 10 of this Complaint call for a legal conclusion and there respectfully denies same;

11. In response to Paragraph 11 of the Plaintiff's Complaint, Abound admits that the Abound trade line was reported with a current status "voluntary surrender" but denies the accuracy of the number in the first paragraph of Paragraph 11 of the Complaint. As to the remainder of the allegations set forth in Paragraph 11, Abound states that these documents speak for themselves and therefore denies the remaining allegations set forth in Paragraph 11 of the Plaintiff's Complaint;

12. Abound has insufficient knowledge regarding the Plaintiff's belief as alleged in Paragraph 12 of the Complaint and respectfully denies same;

13. Abound admits that it received correspondence from the Plaintiff dated June 11, 2020 and denies the remainder of the characterizations set forth in Paragraph 13 of the Plaintiff's

Complaint;

14. In response to Paragraph 14 of the Complaint, Abound acknowledges that it sent a letter to the Plaintiff dated September 25, 2018 and denies the remainder of the characterizations of said letter found in Paragraph 14 of the Plaintiff's Complaint;

15. In response to Paragraph 15 of the Complaint, Abound acknowledges receiving a second letter from the Plaintiff in summer of 2020. Abound denies the Plaintiff's characterization of said letter;

16. In response to Paragraph 16 of the Complaint, Abound admits that it advised the Plaintiff that the 2008 Nissan Maxima was sold at a private sale. Abound denies of the remainder of the characterizations of said letter as set forth in Paragraph 16 of the Plaintiff's Complaint;

17. Abound has insufficient knowledge regarding Paragraph 17 of the Plaintiff's Complaint and therefore denies same;

18. In response to Paragraph 18 of the Plaintiff's Complaint, Abound has insufficient knowledge regarding what documents were included in the letter described therein and therefore denies same;

19. In response to Paragraph 19 of the Plaintiff's Complaint, Abound states that the notice of sale speaks for itself and does not require additional interpretation and therefore denies Paragraph 19 of the Plaintiff's Complaint;

20. In response to Paragraph 20 of the Plaintiff's Complaint, Abound states that the documents therein described speak for themselves and therefore denies the Plaintiff's characterization of said correspondence;

21. In response to Paragraph 21 of the Plaintiff's Complaint, Abound has insufficient

knowledge regarding this allegation and therefore denies same;

22. In response to Paragraph 22 of the Plaintiff's Complaint, Abound states that the correspondence therein described speaks for itself and therefore denies Plaintiff's characterization of said correspondence;

23. In response to Paragraph 23 of the Plaintiff's Complaint, said paragraph calls for a legal conclusion and therefore Abound denies the allegations set forth in Paragraph 23 of the Plaintiff's Complaint;

24. In response to Paragraph 24 of the Plaintiff's Complaint, Abound states that it has insufficient knowledge regarding said allegation and therefore denies same;

25. Regarding the allegations set forth in Paragraph 25 of the Plaintiff's Complaint, Abound states that it has insufficient knowledge of said allegations and therefore denies same;

26. Abound denies the allegations set forth in Paragraph 26 of the Plaintiff's Complaint;

27. Abound denies the allegations set forth in Paragraph 27 of the Plaintiff's Complaint;

28. Abound denies the allegations set forth in Paragraph 28 of the Plaintiff's Complaint;

29. As to the allegations set forth in Paragraphs 29 through 33 of the Plaintiff's Complaint, Abound has insufficient knowledge regarding these allegations and therefore denies same;

30. As to the allegations set forth in Paragraph 34 of the Plaintiff's Complaint, Abound denies that its acts or omissions violated the FCRA or any other law;

31. Abound denies the allegations set forth in Paragraph 35 of the Plaintiff's Complaint;

32. Abound denies the allegations set forth in Paragraph 36 of the Plaintiff's Complaint;

33. Abound denies the allegations set forth in Paragraph 37 of the Plaintiff's Complaint;

34. Abound states that the proper interpretation of the statute referenced in Paragraph 38

of the Plaintiff's Complaint calls for a legal conclusion and therefore denies said allegation;

35. Abound denies the allegation set forth in Paragraph 39 of the Plaintiff's Complaint;

36. Abound denies the allegation set forth in Paragraph 40 of the Plaintiff's Complaint;

37. Abound denies the allegations set forth in Paragraph 41 of the Plaintiff's Complaint;

38. Abound states that the allegation set forth in Paragraph 42 of the Plaintiff's Complaint calls for a legal conclusion and therefore denies same;

39. Abound has insufficient knowledge regarding the allegation set forth in Paragraph 43 of the Plaintiff's Complaint and therefore denies same;

40. Abound denies the allegation set forth in Paragraph 44 of the Plaintiff's Complaint;

42. Abound denies the allegation set forth in Paragraph 45 of the Plaintiff's Complaint;

43. Paragraph 46 calls for a legal conclusion and therefore Abound denies same;

44. Abound denies the allegations set forth in Paragraph 47 of the Plaintiff's Complaint;

45. Abound denies the allegations set forth in Paragraph 48 of the Plaintiff's Complaint;

46. Abound states that the allegations set forth in Paragraph 49 through 52 of the Plaintiff's Complaint do not call for a responsive pleading on its behalf;

## AFFIRMATIVE DEFENSES

47. Abound reasserts the allegations contained in Paragraphs 1 through 46 of this Response as though copied out herein in full and any allegation set forth in the Complaint not specifically admitted is hereby denied;

48. Abound states that this Complaint fails to state a cause of action upon which relief may be granted;

49. Abound states that its reports concerning Plaintiff were substantially true and that at all times it followed reasonable procedures to assure maximum possible accuracy regarding

information submitted to credit reporting agencies by Abound;

50. Plaintiff's claims are barred by the applicable statute of limitations;

51. Abound pleads the legal defenses of estoppel, waiver and laches;

52. Abound pleads that this Plaintiff failed to take reasonable steps to mitigate her damages, if any;

53. Plaintiff's claims for exemplary punitive damages are in violation of Abound's rights and the provisions of the United States Constitution and the Constitution of the Commonwealth of Kentucky;

54. Abound reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant, Abound Federal Credit Union, by counsel, denies the Plaintiff is entitled to any judgment or relief, that the causes of actions herein set forth against it be dismissed.

David T. Wilson, II
Skeeters Bennett Wilson & Humphrey
550 W. Lincoln Trail Blvd.
Radcliff, KY 40160
(270) 351-4404
david.wilson@sbwhlaw.com
COUNSEL FOR ABOUND CREDIT UTION

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by regular mail this ___30___ day of April, 2021 upon:

James H. Lawson
115 S. Sherrin Avenue, Ste. 5
Louisville, KY 40207

Sandra Davis Jansen
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

_/s/ David T. Wilson, II_
David T. Wilson, II